UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**DALE EDWARD SCHAFER**,<br><br>Debtor. | Case No. **07-61297-13** |
| **DALE EDWARD SCHAFER**,<br><br>Plaintiff.<br><br>-vs-<br><br>**OCWEN LOAN SERVICING LLC**,<br><br>Defendant. | Adv No. **12-00041** |

# MEMORANDUM of DECISION

At Butte in said District this 25th day of March, 2013.

In this Adversary Proceeding, Defendant Ocwen Loan Servicing, LLC ("Ocwen"), through counsel, filed a Motion to Dismiss, and supporting brief on December 21, 2012, requesting that the Court dismiss Plaintiff Dale Edward Schafer's ("Schafer") amended adversary complaint for failure to state a claim upon which relief can be granted. Schafer filed a response to Ocwen's motion on January 15, 2013. On February 28, 2013, the parties filed a joint motion to vacate hearing and submit matter on briefs, agreeing that there are no issues of material fact with respect to Ocwen's motion to dismiss and that the Court could decide the matter based upon the pleadings already filed. The Court approved the joint motion and the matter is ready for

1

decision. This Memorandum of Decision includes the Court's findings of fact and conclusions of law.

## FACTS

Schafer commenced his voluntary Chapter 13 bankruptcy case on November 6, 2007. Ocwen filed Proof of Claim No. 1 on November 14, 2007, asserting a total claim of $71,274.91, secured by collateral, consisting of real property, valued at $62,500. Ocwen's Proof of Claim is accompanied by: (1) a Deed of Trust dated July 26, 2002, signed by Debtor; (2) an Adjustable Rate Rider; (3) a Prepayment Rider; (4) an Adjustable Rate Rider Addendum; (5) and an Adjustable Rate Note dated July 26, 2002, between Schafer and New Century Mortgage Corporation, which Note is signed by Schafer and endorsed by New Century Mortgage Corporation in blank.

Schafer filed a Chapter 13 Plan on November 19, 2007. Said plan treated Ocwen as an unimpaired secured creditor, and further provided that Debtor would pay an arrearage of approximately $11,000.00 through his plan. Ocwen objected to Schafer's November 19, 2007, plan arguing such plan did not propose to pay the pre-petition arrearage owing of $13,380.41. In response, Debtor filed a First Amended Chapter 13 Plan on January 3, 2008. The Court entered an Order confirming Debtor's First Amended Chapter 13 Plan on January 4, 2008. Schafer's confirmed Plan listed Ocwen as a secured creditor, whose claim was unimpaired. Schafer proposed to cure an arrearage of $13,380.41 owed to Ocwen through his Chapter 13 Plan.

Following confirmation of Debtor's Plan, Ocwen filed motions to modify stay on December 17, 2008, April 27, 2009, and March 24, 2010. Ocwen voluntarily withdrew each of its motions to modify stay. Schafer contends Ocwen withdrew each of the motions because the

motions were based on incorrect information.

In March of 2011, the Court granted Schafer permission to make an early payoff of his Chapter 13 plan obligations, which also enabled him to pay the mortgage to Ocwen in full. Schafer alleges he requested a payoff statement from Ocwen, which showed a balance due of $56,415.00 as of April 5, 2011. Schafer paid Ocwen the amount it claimed was owed.

On May 4, 2011, the Trustee filed notice that Schafer had completed his Plan payments. Schafer, through counsel, filed a motion for entry of discharge on May 23, 2011. On that same date, the Court entered an Order of discharge. Schafer's case was closed on July 28, 2011.

Schafer alleges that he later learned from an accountant that according to the amortization schedule prepared by Ocwen, the balance due as of April 5, 2011, was $50,271.49. Schafer now contends he overpaid Ocwen the sum of $6,144.32. Schafer also alleges he paid $2,949.71 of additional interest at the payoff date. Because of Schafer's belief that he overpaid Ocwen, Schafer filed on May 21, 2012, a motion to reopen his case to pursue Ocwen for violating the terms of his Chapter 13 Plan. Schafer's bankruptcy case was reopened and Schafer subsequently commenced this Adversary Proceeding on August 15, 2012. Schafer filed an Amended Complaint on November 21, 2012, seeking actual, statutory and punitive damages for: (1) Contempt/Abuse of the Bankruptcy Process; (2) Violation of the Automatic Stay; (3) Breach of Contract/Uniform Mortgage Covenants; (4) Unjust Enrichment; and (5) Violation of Montana Unfair Trade Practices and Consumer Protection Act.

## APPLICABLE LAW

The long standing rule in the Ninth Circuit with respect to Rule 12(b)(6) has been that a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt

3

that plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

*Evanns v. AT&T Corp.*, 229 F.3d 837, 839 (9th Cir. 2000); *Wright v. Riveland*, 219 F.3d 905, 912 (9th Cir. 2000). As explained by one court:

> During this threshold review, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *overrruled on other grounds*, *Davis v. Scherer*, 468 U.S. 183 (1984). Moreover, the court must accept [claimant]'s factual allegations as true, liberally construing the complaint and drawing all reasonable inferences in [claimant]'s favor. [*Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957)]; *Walleri v. Federal Home Loan Bank of Seattle*, 83 F.3d 1575, 1580 (9th Cir.1996).

*PaineWebber Inc. v. Banyan Corp.*, 2000 WL 1132095, *2 (D.Or. 2000).

More recently, the United States Supreme Court articulated the following "plausibility standard" under Rule 12(b)(6):

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).
>
> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*, at 555, 127 S.Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.

4

> Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556, 127 S.Ct. 1955. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157–158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S.Ct. 1937, 1949-50 (2009); *see also*, *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1054-55 (9th Cir. 2011).

Subsequent to the Supreme Court's decisions in *Twombly* and *Iqbal*, the Ninth Circuit later explained:

> [W]e begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. We disregard threadbare recitals of elements of a cause of action, supported by mere conclusory statements. After eliminating such unsupported legal conclusions, we identify well-pleaded factual allegations, which we assume to be true, and then determine whether they plausibly give rise to an entitlement to relief. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face; that is, plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

 [*Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010)] (citations, alterations and internal quotation marks omitted); *see Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

*Alvarez v. Chevron Corp.*, 656 F.3d 925, 930-31 (9th Cir. 2011) (quoting *Telesaurus*).

In *Telesaurus,* the court concluded that the district court abused its discretion by granting a Rule 12(b)(6) motion to dismiss while denying leave to amend a complaint. 623 F.3d at 1006. The court wrote that leave to amend can be denied if a court determines that "allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency, . . . [citing case], or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies, *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)." *Telesaurus*, 623 F.3d at 1003; *Alvarez v. Chevron Corp.*, 656 F.3d at 935.

## DISCUSSION

The Court agrees with Ocwen that an objection to the allowance of its Proof of Claim would, at this late date, be untimely. However, this Court does not read Schafer's complaint as an objection to Ocwen's allowed claim. Rather, accepting all factual allegations in the complaint as true, the Court finds it plausible that Ocwen might have charged Schafer more than it was entitled to under the terms of Schafer's Amended Plan and this Court's Order confirming the same. As a leading commentator on Rule 12(b)(6) writes: "[T]he purpose of a motion under Federal Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; the motion is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case." 5B Wright & Miller, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3D § 1356 (2004). In this case, a dismissal of Schafer's amended complaint would be inconsistent with the plausibility standard of *Iqbal* and *Twombly* and the admonition from Wright & Miller.

Ocwen also argues that Schafer's complaint lacks plausibility because his claim is barred by the statute of limitations. In support of such argument, Ocwen argues its Proof of Claim was

6

filed in 2007 and that the applicable statute of limitations is two years.  Without passing on the merits of Ocwen's defense, the Court would note that "[u]nder Montana law and under [*Cusano v. Klein*, 264 F.3d 936, 945 (9th Cir.2001)], a claim accrues when an action can be brought."  *In re Brown*, 363 B.R. 591, 606 (Bankr. D.Mont. 2007).  Under the facts plead by Schafer, he had no claim until Ocwen demanded more than it was entitled under its Proof of Claim and as provided in Schafer's confirmed Plan.

For the reasons discussed above, the Court will enter a separate order providing as follows:

IT IS ORDERED that Defendant Ocwen Loan Servicing, LLC's Motion to Dismiss filed December 21, 2012, at docket entry no. 29, is denied.

IT IS FURTHER ORDERED that Defendant Ocwen Loan Servicing, LLC shall have through Monday, April 8, 2013, to answer Schafer's Amended Complaint.

> BY THE COURT
>
> /s/ Ralph B. Kirscher
> HON. RALPH B. KIRSCHER
> U.S. Bankruptcy Judge
> United States Bankruptcy Court
> District of Montana